Robert S. TRIPPET, Appellant,

v.

Herbert R. SMITH, Glenn E. Wood, and Samuel V. Shaw, Trustees of the Home-Stake Production Company Deferred Compensation Trust, Appellees.

No. 77–1612.

United States Court of Appeals,
Tenth Circuit.

Submitted Oct. 23, 1978.

Decided Jan. 18, 1979.

Rehearing Denied March 28, 1979.

James C. Lang, of Sneed, Lang, Trotter, Adams, Hamilton & Downie, Tulsa, Okl., and David A. Ives, of Stroud & Smith, Dallas, Tex., for appellant.

John E. Barry and Lynnwood R. Moore, Jr., of Conner, Winters, Ballaine, Barry & McGowen, Tulsa, Okl., for appellees.

Carin Ann Clauss, Sol. of Labor, Monica Gallagher, Associate Sol., Plan Benefits Security Div., Norman P. Goldberg, Counsel for Litigation, Plan Benefits Security Div., and Samuel Halpern, Atty., Plan Benefits Security Div., Washington, D. C., for the Secretary of Labor as amicus curiae.

Before SETH, Chief Judge, and McWILLIAMS and BARRETT, Circuit Judges.

PER CURIAM.

The plaintiff sought to enjoin defendants from violating provisions of the Home-Stake Production Company Deferred Compensation Trust Instrument (plan), claiming that the district court had subject matter jurisdiction by virtue of ERISA. Defendants are named trustees under the trust instrument, and plaintiff is a former employee and director of the Home-Stake Production Company (Company) who claims to be a beneficiary of the employee benefit plan created by the trust instrument. Cross-motions for summary judgment were filed, and plaintiff brings this appeal from the district court's summary judgment dismissing his cause of action for lack of subject matter jurisdiction.

The sole question in this appeal is whether certain subchapter I provisions of the Employee Retirement Income Security Act

of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.,* apply to an employee benefit plan which was terminated on July 17, 1973.

The facts relevant to this appeal are not in dispute. The plan in question was established in 1963. Plaintiff was an employee of the Company and a participant in the plan at that time. On July 16, 1973, the board of directors removed him as an officer of the Company and the following day unanimously approved the following resolution:

> "RESOLVED, that the Home-Stake Production Company Deferred Compensation Trust shall be terminated and the assets distributed to the beneficiaries according to the terms of the Trust Agreement."

Plaintiff resigned his position on the board the same day but remained as a trustee of the plan. Shortly thereafter the Company filed for Chapter X reorganization and plaintiff was also removed as a trustee of the plan. On October 31, 1973, the trustees notified plaintiff that they had made a preliminary determination that he had forfeited all entitlements under the plan. The trustees in November 1973 filed an action in the Oklahoma state court seeking supervision in the liquidation of the trust and a later action for an order approving plaintiff's forfeiture. After several directors' meetings in 1975 and 1976 in which plaintiff was afforded the opportunity to argue his position, the directors made a final determination of forfeiture. On March 23, 1977, the Oklahoma state court approved the directors' action.

Plaintiff brought this action for breach of fiduciary duties and acts contrary to the terms of the plan in violation of ERISA, 29 U.S.C. § 1101, *et seq.* and 29 U.S.C. § 1132(a). He sought to invoke the enforcement provisions of ERISA, 29 U.S.C. § 1132(a)(3), and relies on 29 U.S.C. § 1132(e)(1) for the jurisdiction of the district court.

The defendants argue, and the district judge agreed, that this plan is not covered by ERISA because it was terminated prior to the effective dates for the Act. The plaintiff responds, however, that the termination date is not determinative because ERISA covers actions taken by the trustees during 1975 and 1976; specifically that the forfeiture resolutions adopted while winding up the affairs of the plan are covered by the Act.

ERISA became law on September 2, 1974, and its stated purpose is to protect "the interests of participants in employee benefit plans and their beneficiaries . . . by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b).

29 U.S.C. § 1002(2) defines an "employee pension benefit plan" as "any plan, fund, or program which was *heretofore or is hereafter established or maintained by an employer* . . . ." (Emphasis added.) The subchapter I provisions invoked by plaintiff "apply to any employee benefit plan if it is *established or maintained* . . . by any employer engaged in commerce . . . ." (Emphasis added.) 29 U.S.C. § 1003(a). Plaintiff urges us to conclude that a terminated plan in the process of liquidation and distribution is still "maintained" by an employer and therefore covered by the Act. But this conclusion is neither warranted by the express wording of the statute nor supported by the legislative history of the Act. A terminated plan the corpus of which is in the process of liquidation before the effective dates in ERISA is not a "plan" as contemplated in the Act.

Black's Law Dictionary 1105 (4th ed. 1957) defines "maintain" as to "carry on; . . . continue; . . . hold or keep in an existing state or condition; . . . keep in existence or continuance . . ." The plan was terminated in 1973; no contributions have been made since that date and persons employed by the Company since then have no right of participation. The plan has not continued in existence as an operating plan, but consists only of the corpus which is in the state court liquidation.

The trial court referred to the series of effective dates in the Act for different sections and provisions, and to the later effec-

tive dates for existing plans which are generally for plan years beginning after December 31, 1975. This analysis demonstrated clearly that the plan here under consideration terminated long before the several effective dates of ERISA.

*Marshall v. Chase Manhattan Bank (Nat. Ass'n),* 558 F.2d 680 (2d Cir.); *Winpisinger v. Aurora Corp.,* No. C–75–589 (N.D.Ohio, March 31, 1976), and *Amory v. Boyden Associates,* 434 F.Supp. 671 (S.D.N.Y.), are inapplicable to the case at bar because each concerned a plan in existence after the effective dates of ERISA.

We therefore hold that the applicable provisions of ERISA do not apply to a plan which was terminated prior to the effective dates of ERISA. Consequently, the district court did not have subject matter jurisdiction of the plaintiff's cause of action.

AFFIRMED.