**Merl D. STONG et al., Plaintiffs,**

v.

**BUCYRUS–ERIE COMPANY and Bucyrus Hourly Employees' Retirement Plan, Defendants.**

No. 78–C–703.

United States District Court, E. D. Wisconsin.

Dec. 10, 1979.

Zubrensky, Padden, Graf & Bratt by James P. Maloney and Leonard S. Zubrensky, Milwaukee, Wis., for plaintiffs.

Reinhart, Boerner, Van Deuren, Norris & Rieselbach by Paul V. Lucke, Milwaukee, Wis., and Seyfarth, Shaw, Fairweather & Geraldson by David Parson and Allan Gunn, Chicago, Ill., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

In a decision dated June 18, 1979, I held that the workers' compensation offset provision in the defendants' pension plan violated the nonforfeiture requirement of the Employee Retirement Income Security Act, 29 U.S.C. § 1053(a). 472 F.Supp. 1089. Presently before me are the intervening defendant's motion for reconsideration of the June 18th decision and the plaintiffs' motion to certify this action as a class action pursuant to Rule 23, Federal Rules of Civil Procedure.

## I. MOTION FOR RECONSIDERATION

Contrary to the intervening defendant's assertion, I believe all of the "significant new arguments" which the Secretary has allegedly presented in support of the instant motion were considered and rejected by me in my earlier decision. Rather than sway me away from my earlier position, further study of the Secretary's contentions has only served to reassure me of the correctness of the ruling that the chal-

lenged offsets operate as illegal forfeitures. Discussion of but one of the Secretary's arguments will suffice to illustrate this point.

The Secretary contends that the nonforfeiture requirement applies only after the "normal retirement benefit" has been calculated "under the plan," and that the workers' compensation offset provision is merely part of the formula for calculating such normal retirement benefit. Therefore, no forfeiture of normal retirement benefits is effected by reducing a worker's pension in proportion to any workers' compensation benefits he may recover.

As I suggested previously, 472 F.Supp. at 1092, acceptance of this argument would open a Pandora's box which Congress intended to nail shut by defining "nonforfeitable" as narrowly and precisely as it did in 29 U.S.C. § 1002(19). The critical fallacy in the Secretary's reasoning is this: the challenged offset is *not* part of the formula for calculating the normal retirement benefit; rather, the offset imposes a condition subsequent on a worker's right to receive his normal retirement benefit. It is this placing of a condition (the recovery of workers' compensation benefits) on the right to receive otherwise fully due retirement benefits that brings the offset provision squarely within the forfeiture definition, making the offset a clear violation of the Act. It is clear that neither a Treasury regulation nor a collective bargaining agreement can sanction such a violation of a statutory provision. Accordingly, the Secretary's motion for reconsideration must be denied.

## II. MOTION TO CERTIFY A CLASS

The named plaintiffs in this case wish to represent a class of persons defined to include:

"All participants and beneficiaries of the Bucyrus Hourly Employees' Retirement Plan subsequent to January 1, 1976 who are or may be eligible in the future for benefits thereunder, except as such benefits may be reduced, forfeited or denied under the Plan as written because of deductions or offsets of workers compen-sation benefits paid or payable in the future to such participants or their beneficiaries."

In addition to asserting that the proposed class satisfies the four requirements of Rule 23(a), the plaintiffs contend that the class should be certified under Rule 23(b)(2) because the defendants have "acted . . . on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole . . . ."

The defendants oppose the plaintiffs' class definition and argue that the class, properly defined, is not too numerous to make joinder impracticable. The defendants contend that the claims of the named plaintiffs are not typical of the claims of the members of the proposed class and that the named plaintiffs and the members of the proposed class have divergent interests. The defendants also assert that certification under Rule 23(b)(2) is inappropriate since the workers' compensation offset provision has been applied to reduce the pension benefits of only a few members of the proposed class.

Addressing first the four prerequisites of Rule 23(a), I find that the proposed class satisfies the first and second tests: the proposed class, which includes over three thousand persons, is so numerous that joinder of all its members is impracticable, and, with respect to the declaratory and injunctive relief sought, there are questions of law and fact common to the class. Moreover, also for purposes of declaratory and injunctive relief, I am persuaded that the claims of the named plaintiffs and the claims of the members of the proposed class are sufficiently typical to satisfy the third test.

The defendants' argument that conflicts exist within the proposed class because elimination of the offset provision may result in a diminution of benefits paid to plan beneficiaries who never receive workers' compensation benefits is without merit; it is clear that the plan is fully funded with-

out regard to the offset and the defendants concede that benefit reductions on account of workers' compensation recoveries have been de minimis in the past. I also find meritless the argument that members of the class who have not received workers' compensation benefits and who, therefore, have not had their pension benefits reduced do not have a real controversy with the defendants. It is the chilling effect that the offset provision has on the filing of workers' compensation claims which constitutes the injury common to all class members. The declaratory and injunctive relief sought to remedy this injury is clearly in the interest of the named plaintiffs and the members of the proposed class.

█ I also find that the fourth requirement of Rule 23(a) has been satisfied in this case. Since no conflicts exist between the named plaintiffs and the class, and since the plaintiffs' counsel has demonstrated that he is competent to handle this litigation, I hold that the named plaintiffs will adequately represent the interests of the class.

█ I agree with the plaintiffs that this action, insofar as it seeks declaratory and permanent injunctive relief, should proceed as a class action under Rule 23(b)(2). However, as I have intimated in the course of this opinion, I do not believe the issue of recovery of benefits by persons who have had the offset provision applied to reduce their pensions is appropriate for class treatment. Rule 23(c)(4) provides that "[w]hen appropriate . . . an action may be brought or maintained as a class action with respect to particular issues . . . ." I believe the claims for recovery of lost benefits by four of the named plaintiffs are sufficiently noncommon and atypical of the claims of the proposed class to justify their treatment on an individual basis. See 7A Wright & Miller, Federal Practice and Procedure § 1790, at 187–88. Accordingly, to the extent the complaint seeks recovery of such lost benefits, the action will not be certified as a class action, and the named plaintiffs will proceed only on their own behalf.

## III. CONCLUSION

Therefore, IT IS ORDERED that the motion of the intervening defendant for reconsideration of my June 18, 1979, decision be and hereby is denied.

IT IS ALSO ORDERED that the plaintiffs' motion to certify this action as a class action be and hereby is granted in part, to wit, only insofar as the said class seeks declaratory and injunctive relief.

IT IS FURTHER ORDERED that this action, insofar as the complaint seeks declaratory and injunctive relief, be and hereby is certified as a class action under Rule 23(b)(2), such class to be defined as follows:

All participants and beneficiaries of the Bucyrus Hourly Employees' Retirement Plan subsequent to January 1, 1976 who are or may be eligible in the future for benefits thereunder, except as such benefits may be reduced, forfeited or denied under the Plan as written because of deductions or offsets of workers compensation benefits paid or payable in the future to such participants or their beneficiaries.